**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Johnny Lemert SABBATH, Defendant–Appellant.**

No. 09–50538.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2011.[*]

Filed Jan. 21, 2011.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument.

April Anita Christine, Esquire, Assistant U.S., Michael J. Raphael, Esquire, Assis-tant U.S., Angela Sanneman, Office of the U.S. Attorney, Los Angeles, CA, for Plain-tiff–Appellee.

Vicki Marolt Buchanan, Esquire, Sono-ma, CA, for Defendant–Appellant.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Johnny Lemert Sabbath appeals from the 235–month sentence imposed following his bench trial conviction for conspiracy, in violation of 18 U.S.C. § 371, armed bank robbery, in violation of 18 U.S.C. § 2113(a)(d), and use or carrying of a fire-arm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Sabbath contends that the district court clearly erred in imposing a two-level increase for obstruction of justice under U.S.S.G. § 3C1.1. The district court did not clearly err in applying the enhance-ment because Sabbath's lie to the authori-ties regarding the identity of one of the co-conspirators significantly impeded the in-vestigation and prosecution of the offense. *See United States v. McNally,* 159 F.3d 1215, 1217 (9th Cir.1998).

■ Sabbath also contends the district court clearly erred by denying his request for a minor role adjustment pursuant to

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-cation and is not precedent except as provid-ed by 9th Cir. R. 36–3.

U.S.S.G. § 3B1.2(b). The district court did not clearly err in denying the adjustment because Sabbath failed to show he was entitled to such an adjustment where, among other things, he knowingly transported his co-conspirators to and from the robbery and planned to receive money in return, and he provided his cousin as an additional member of the robbery crew. *See United States v. Pinkney,* 15 F.3d 825, 827–28 (9th Cir.1994); *see also United States v. Cantrell,* 433 F.3d 1269, 1282–84 (9th Cir.2006).

**AFFIRMED.**